UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

DANIEL SHIFFLETT,

        Plaintiff,

vs.

DELTA TECHNOLOGIES, LLC

        Defendant.

Case No.
Hon.

_____/

Carol A. Laughbaum (P41711)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
claughbaum@sterlingattorneys.com

_____/

# COMPLAINT AND JURY DEMAND

Plaintiff, Daniel Shifflett, by his attorneys Sterling Attorneys at Law, P.C., for his Complaint against Defendant, states as follows:

### Parties and Jurisdiction

1. This is an action for injunctive relief, and specifically for an order compelling arbitration pursuant to 9 USC §4.

2. In the alternative, this is an action for age discrimination in violation of the Age Discrimination in Employment Act, 29 USC 623(a) *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*; and for

disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 USC 12111 *et seq.,* and Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*

3. Plaintiff's claims arise out of his employment relationship with Defendant.

4. Plaintiff Daniel Shifflett ("Shifflett") is a resident of Sterling Heights, Michigan, within the Eastern District of Michigan.

5. Defendant Delta Technologies, LLC ("Delta") is a Michigan company that maintains its principal place of business in Auburn Hills, Michigan, within the Eastern District of Michigan.

6. The events giving rise to this cause of action occurred within the Eastern District of Michigan.

7. This Court has jurisdiction regarding the injunctive relief sought pursuant to 9 USC §4.

8. Absent the arbitration agreement, this Court has jurisdiction of Plaintiff's federal discrimination claims under 28 USC 1331, and supplemental jurisdiction over plaintiff's state law discrimination claims under 28 USC 1367(a).

9. Plaintiff timely files this complaint within 90 days of receiving his EEOC Right to Sue Notice, which was issued on January 10, 2025.

**Background Facts – Claim for Injunctive Relief/ to Compel Arbitration**

10. Plaintiff alleges age and disability discrimination arising out of his January 2024 termination of employment by Defendant Delta.

11. As a condition of his employment, Shifflett signed an arbitration agreement with Delta providing, among other things, that any statutory civil rights claims brought by Shifflett must be resolved via binding arbitration with the American Arbitration Association (AAA):

> As a condition of my employment, I agree that any dispute or concern related to my employment or termination of employment including but not limited to claims arising under state or federal civil rights statutes must be resolved pursuant to the (sic) binding arbitration under the rules for the American Arbitration Association. I understand that I am waiving all right to a jury trial in favor of arbitration of disputes. **Ex A,** 9/6/19 Delta Offer of Employment with Shifflett Acceptance, p 3, ¶5.

12. Pursuant to that mandatory arbitration agreement, on or about December 5, 2024, Shifflett timely filed age and disability discrimination claims with AAA.

13. Thereafter, Delta repeatedly refused to proceed in good faith in arbitration, ignoring AAA's repeated requests that Delta pay its share of the administrative filing fee ($2100), and ultimately causing AAA to administratively close that file on or about March 6, 2025, necessitating this action.

## Background – Civil Rights Claims

14. Plaintiff Daniel Shifflett was born in 1954; he is 70 years old.

15. Plaintiff broke his back in 2006, resulting in a permanent disability.

16. Plaintiff has over 50 years of experience as a mold maker.

17. On or about September 6, 2019, Defendant Delta hired Plaintiff Shifflett as a Senior Mold Designer, reporting to Director of Engineering Carlo Silveri.

18. Throughout his employment, Plaintiff performed his job duties in a manner that was satisfactory or better.

19. In fact, Plaintiff's performance was stellar.

20. During 2022, Plaintiff discussed with Plant Manager Kent Blackwell the difficulties he was having continuing to work, given his intense work schedule (often 12-hour days, 7 days a week) coupled with his back issues.

21. Blackwell advised Plaintiff Shifflett that he did not want to lose Shifflett, and offered him workplace accommodations including an office where Shifflett was able to regularly get up, stretch, walk around, and apply heat to his back without disturbing his colleagues; a suitable chair; and the ability to work from home.

22. In or about October 2023, Defendant replaced Silveri with Steve Carlson, an individual significantly younger than both Silveri and Plaintiff.

4

23. Early on, Carlson began marginalizing Plaintiff by, among other things, meeting with everyone on the engineering team except Plaintiff, and removing Plaintiff (and Silveri) from their offices and assigning them to cubicles.

24. Carlson also documented his "aging design team."

25. With Blackwell's approval, Plaintiff began regularly working from home.

26. In January 2024, shortly before Plaintiff was to undergo another surgical procedure on his back, he began receiving emails from Human Resources removing his work from home accommodation.

27. On Monday, January 8, 2024, Plaintiff received an email from Human Resources stating "we would like you to come back into the office as soon as possible."

28. On Wednesday, January 10, 2024, Plaintiff received another email from Human Resources, this time demanding that he return to the office on Monday, January 15, 2024.

29. On Thursday, January 11, 2024, Plaintiff responded by email that he was confused by this directive, which was contrary to the work-from-home accommodation approved by Mr. Blackwell.

30. On Friday, January 12, 2024, Plaintiff received a follow-up call from Human Resources stating that, per Carlson, Plaintiff was required to return

5

to the office on Monday January 15, 2024 and strongly implying that if he did not agree, he was terminated.

31. There was no discussion about accommodating Plaintiff's disability nor any attempt by Delta to engage in an interactive process with Plaintiff regarding accommodating his disability.

32. On Monday, January 15, 2024, Mr. Carlson falsely announced that Plaintiff had retired.

33. Plaintiff had no intention of retiring and planned to work at Delta for many more years.

34. The other designers on Plaintiff's team, all of whom were significantly younger than Plaintiff, and upon information and belief do not have disabilities requiring accommodation, were allowed to continue to work from home.

35. After terminating Plaintiff, Defendant falsified and downgraded Plaintiff's recent excellent performance evaluation.

## COUNT I

### Injunctive Relief – Enforcement of Arbitration Agreement

36. Plaintiff incorporates the preceding paragraphs by reference.

37. The parties' arbitration agreement, which is an enforceable contract, provides that Plaintiff's claims "must be resolved" pursuant to binding arbitration under AA rules *supra*; **Ex A**.

6

38. Pursuant to that agreement, and 9 USC §4, Plaintiff seeks an order staying this case and compelling arbitration of Plaintiff's age and disability discrimination claims, *infra*.

## COUNT II

### Age Discrimination – ADEA

39. Plaintiff incorporates the preceding paragraphs by reference.

40. At relevant times, Plaintiff was an employee and Defendant was his employer as defined by the Age Discrimination in Employment Act, 29 USC 623(a), *et seq*.

41. The ADEA prohibits discrimination on the basis of age.

42. Defendant treated younger employees more favorably than Plaintiff.

43. Defendant's decision to terminate Plaintiff and falsely represent that he had "retired" was based on impermissible considerations of his age.

44. Defendant was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

45. Defendant's actions were intentional and engaged in with reckless disregard for Plaintiff's rights.

46. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and

earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT III

### Age Discrimination in Violation of the Elliott-Larsen Civil Rights Act

47. Plaintiff incorporates the preceding paragraphs by reference.

48. At relevant times, Plaintiff was an employee and Defendant was his employer covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

49. Michigan's Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of age.

50. Defendant treated younger employees more favorably than Plaintiff.

51. Defendant's decision to terminate Plaintiff and falsely represent that he had "retired" was based on impermissible considerations of his age.

52. Defendant was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

53. Defendant's actions were intentional and engaged in with reckless disregard for Plaintiff's rights.

54. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT IV

## Disability Discrimination– ADA

55. Plaintiff incorporates the preceding paragraphs by reference.

56. Plaintiff is person with a disability as defined in the Americans with Disabilities Act, 42 USC 12101, *et seq*.

57. At all relevant times, Plaintiff was an employee and Defendant was his employer as defined by the ADA.

58. Plaintiff was qualified for his position.

59. Defendant discriminated against Plaintiff, failed to continue to accommodate his disability, and failed to engage in the interactive process with him, as set forth above.

60. Defendant treated similarly situated employees who did not have disabilities and who were not regarded as disabled more favorably than plaintiff.

61. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

62. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## COUNT V

### Michigan's Persons with Disabilities Civil Rights Act Violation

63. Plaintiff incorporates the preceding paragraphs by reference.

64. Plaintiff was an employee and Defendant was his employer covered by and within the meaning of Michigan's Persons with Disabilities Civil Rights Act, MCL 37.1101, *et seq.*

65. Plaintiff was qualified for his position.

66. Defendant discriminated against Plaintiff and failed to continue to accommodate his disability, as set forth above.

67. Defendant treated similarly situated employees who did not have disabilities and who were not regarded as disabled more favorably than Plaintiff.

68. The discriminatory practices at issue were intentional and willful, and engaged in with malice or with reckless indifference to the rights and sensibilities of Plaintiff.

69. As a direct and proximate result of Defendant's wrongful and discriminatory treatment of Plaintiff, he has suffered injuries and damages, including but not limited to, loss of past, present, and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life, including the right to seek and pursue gainful occupation of choice.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff Daniel Shifflett demands judgment against Defendant as follows:

A. **Injunctive and Equitable Relief - 9 USC §4**

 1. An order staying this case and directing the parties to proceed in arbitration with the American Arbitration Association in accordance with the terms of the parties' agreement;

 2. An award to Plaintiff of his reasonable costs, including attorney fees;

 3. Any other relief deemed appropriate by the Court.

    **B.**    **Civil Rights Claims**

        **1.**    **Legal Relief**

            a.    Compensatory damages in whatever amount he is found to be entitled;

            b.    Punitive/liquidated damages in whatever amount he is found to be entitled;

            c.    A judgment for lost wages and benefits in whatever amount he is found to be entitled;

            d.    An award of interest, costs and reasonable attorney fees; and

            e.    Whatever other legal relief appears appropriate at the time of final judgment.

        **2.**    **Equitable Relief:**

            a.    An injunction out of this Court prohibiting any further acts of wrong-doing;

            b.    An award of interest, costs and reasonable attorney fees; and

            c.    Whatever other equitable relief appears appropriate at the time of final judgment.

## JURY DEMAND

Plaintiff Daniel Shifflett, by his attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

        Respectfully submitted,

        STERLING ATTORNEYS AT LAW, P.C.

        By: /s/Carol A. Laughbaum
            Carol A. Laughbaum (P41711)
            Attorneys for Plaintiff
            33 Bloomfield Hills Pkwy., Ste. 250
            Bloomfield Hills, MI 48304
            (248) 644-1500

Dated: March 14, 2025